FILED
United States Court of Appeals
Tenth Circuit

May 24, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES ANTHONY CLARK,

Defendant - Appellant.

No. 15-3310
(D.C. Nos. 2:14-CV-02615-JWL and
2:09-CR-20119-JWL-8)
(D. Kan.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.
_____

Defendant James Anthony Clark seeks a certificate of appealability (COA) to

appeal the district court's denial of his motion for relief under 28 U.S.C. § 2255.  *See* 28

U.S.C. § 2253(c)(1)(B) (requiring a COA to appeal denial of a § 2255 motion).  We deny

a COA and dismiss the appeal.

**I.     BACKGROUND**

On February 17, 2011, a jury found Defendant guilty of conspiracy to distribute

and to possess with intent to distribute more than 50 grams of methamphetamine and

marijuana.  *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), (b)(1)(D), 846.  Based on an

offense level of 36 and a criminal-history category of V, his guidelines range was 292 to

_____

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

365 months.  The court sentenced him to 292 months' imprisonment.  This court affirmed

his sentence on appeal, *see United States v. Clark*, 529 F. App'x 927 (10th Cir. 2013),

and the Supreme Court denied his petition for a writ of certiorari on December 2, 2013,

*see Clark v. United States*, 134 S. Ct. 717 (2013).  Later the district court reduced his

sentence to 235 months' imprisonment under 18 U.S.C. § 3582(c)(2).  In the meantime,

on December 2, 2014, Defendant filed his § 2255 motion, raising various ineffective-

assistance-of-counsel claims and a claim that the facts increasing his sentencing-

guidelines range should have been decided by a jury.  Defendant raises only his

ineffective-assistance claims in his application for a COA.

## II.    DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the

denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard requires "a

demonstration that . . . includes showing that reasonable jurists could debate whether (or,

for that matter, agree that) the petition should have been resolved in a different manner or

that the issues presented were adequate to deserve encouragement to proceed further."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).  In other

words, the applicant must show that the district court's resolution of the constitutional

claim was either "debatable or wrong."  *Id.*

To establish a claim of ineffective assistance of counsel, Defendant first has the

burden of overcoming "a strong presumption that counsel's conduct falls within the wide

range of reasonable professional assistance," *Strickland v. Washington*, 466 U.S. 668,

689 (1984), by demonstrating that his counsel's performance "fell below an objective

2

standard of reasonableness," *id.* at 688.  Second, Defendant must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  We may consider the performance and prejudice prongs in either order; and if Defendant fails to meet his burden on one prong, we need not consider the other.  *See id.* at 697.

Two of Defendant's claims can be disposed of because they are based on false factual premises.  He contends that counsel was ineffective for failing to object to his criminal-history calculation and for failing to ask this court for leave so that he could file a pro se brief.  But as the district court noted, trial counsel objected to Defendant's criminal-history calculation and appellate counsel asked this court to allow Defendant to file a pro se brief.

Additional claims can be disposed of because Defendant has not adequately described what his counsel could have done differently.  He complains that counsel failed to adequately communicate with him.  But he merely complains that counsel did not spend enough time with him.  He does not state what counsel failed to communicate that was needed for trial.  *See Cummings v. Sirmons*, 506 F.3d 1211, 1228 (10th Cir. 2007) (defendant failed to show ineffective assistance of counsel when he failed to identify what counsel should have done).  The same can be said of his claims that counsel failed to provide a trial strategy or legal defense and gave an inadequate closing argument.  Defendant has not identified a strategy or defense that counsel should have pursued, *see id.*, or what more counsel could have said in closing.

On other claims Defendant speaks broadly but gives only a few inadequate specifics. He contends that counsel failed to conduct an adequate pretrial investigation; but his sole specifics concern failure to interview his suggested defense witnesses. As the district court noted, however, Defendant did not establish prejudice from the failure to interview the witnesses: For five of them Defendant did not provide affidavits to show what they would have testified to or how their testimony would have helped at trial; and for the two who did provide (one-sentence) affidavits, the affidavits did not indicate that they would have testified on Defendant's behalf at trial, and what they disclosed in their affidavits would not have affected the verdict.

Similarly, Defendant contends that counsel failed to file any substantive pretrial motions, but he elaborates only on counsel's failure to file a motion to sever. He argues that a motion to sever was "extremely important" because one of his codefendants appeared sickly and missed several days of trial from methamphetamine withdrawal. Aplt. Br at 19. The codefendant's appearance, he contends, "would slop-over on him and [a]ffect the jury's decision regarding his guilt." *Id.* Defendant, however, has not made any showing to overcome the presumption that conspiracy codefendants be tried together, *see United States v. Stiger*, 413 F.3d 1185, 1197 (10th Cir. 2005), nor has he shown the requisite prejudice from joinder, *see United States v. Pursley*, 577 F.3d 1204, 1215 (10th Cir. 2009) ("Prejudice [from joinder] occurs when there is a serious risk that a joint trial will compromise a specific trial right . . . or prevent the jury from making a reliable judgment about guilt or innocence." (internal quotation marks omitted)).

4

Next, Defendant alleges that counsel was ineffective for failing to challenge the composition of the jury pool. Although the jury pool included one African American and one Hispanic member, both were excused because of their prior commitments, and Defendant was convicted by an all-white jury. The claim must fail, however, because Defendant did not allege facts showing that minorities were systematically excluded from the jury. *See United States v. Green*, 435 F.3d 1265, 1271 (10th Cir. 2006) (to establish a violation of the Sixth Amendment right to a jury pool comprised of a fair cross-section of the community, a defendant must show a distinctive group was not fairly represented in the jury venire and "the underrepresentation is due to systematic exclusion of the group in the jury selection process"). Defendant has thereby failed to establish prejudice from his counsel's not challenging the jury-selection process.

Regarding sentencing, Defendant claims that his counsel was ineffective for not moving for a downward variance based on the lower sentences imposed on his codefendants. This argument is a nonstarter. The codefendants to whom he refers were not similarly situated — they entered guilty pleas and cooperated with the government. *See United States v. Davis*, 437 F.3d 989, 997 (10th Cir. 2006) ("disparate sentences are allowed where the disparity is explicable by the facts on the record" (internal quotation marks omitted)).

Defendant's best argument is that his trial counsel was ineffective for failing to explain that he could enter an open plea of guilty (a plea without a plea bargain) without cooperating or waiving his appellate rights, and that he suffered prejudice because a plea would have reduced his offense level based on his acceptance of responsibility. The

5

district court rejected the claim on the ground that Defendant failed to establish prejudice. It said that Defendant had not shown a reasonable probability that he would have pleaded guilty when he had consistently insisted (even in an affidavit submitted with his § 2255 motion) that he had dealt only in marijuana, never in cocaine or methamphetamine. *See United States v. Carter*, 130 F.3d 1432, 1442 (10th Cir. 1997) (to show prejudice "there must be a reasonable probability that but for incompetent counsel a defendant would have . . . pleaded guilty"). The court also said that there was no evidence that it would have reduced his sentence for acceptance of responsibility if he had pleaded guilty without admitting dealing in cocaine and methamphetamine. (The judge who denied the § 2255 motion had also sentenced Defendant.) The court had rejected a reduction for acceptance of responsibility for a codefendant who similarly claimed that his involvement had been limited to marijuana trafficking. Defendant's brief here raises no challenge to the district court's persuasive analysis.

Finally, Defendant's claim that his appellate counsel was ineffective can be rejected because he has not shown that any arguably meritorious claim was omitted on appeal. *See United States v. Barrett*, 797 F.3d 1207, 1220 (10th Cir. 2015) (appellate counsel was not ineffective if the omitted issue was without merit).

6

**III.    CONCLUSION**

No reasonable jurist could debate whether Defendant's § 2255 motion should have been granted.  We DENY the application for a COA and DISMISS the appeal.

Entered for the Court

Harris L Hartz
Circuit Judge